13-2703
Ye v. Lynch

BIA
Cheng, IJ
A087 532 046

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand fourteen.

PRESENT:
        JOHN M. WALKER, JR.,
        REENA RAGGI,
        GERARD E. LYNCH,
                *Circuit Judges.*
_____

XIAN XIN YE,
        *Petitioner,*

            v.                                    13-2703
                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*[1]
_____

FOR PETITIONER:        Michael Brown, New York, NY.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xian Xin Ye, a native and citizen of China, seeks review of a June 28, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") December 6, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Xin Ye*, No. A087 532 046 (B.I.A. Jun. 28, 2013), *aff'g* No. A087 532 046 (Immig. Ct. N.Y. City Dec. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications, like Ye's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on demeanor and responsiveness during questioning, as well as inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. Here, substantial evidence supports the agency's decision.

First, we defer to the IJ's findings regarding demeanor. The IJ concluded that Ye's demeanor suggested he was not testifying in a candid or forthright manner, because he provided nonresponsive and evasive answers to questioning. This finding is supported by the record and is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

The adverse credibility determination is further supported by inconsistencies in the record. First, Ye testified that his religion was Falun Gong but, in his application, he listed his religion as Buddhist. Ye also wrote that he was involved in a Christian church. When

3

confronted with these discrepancies, Ye first responded that he was Buddhist, but then stated that he had thought he was being asked to identify his family's religion. A reasonable factfinder would not be compelled to credit these explanations, as Ye reviewed his application before submitting it and the question on his application was among other questions regarding Ye's personal information--not information about his family. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Similarly, when confronted with the statements in his application regarding his practice of Christianity, Ye said that he did not know why his application included such information, and testified that he had never participated in any church. The agency was not compelled to credit this explanation, as it did not explain why Christianity was mentioned in his application. *Id.* at 80-81. Although Ye argues that he remedied this inconsistency by submitting a corrected application to the BIA, the BIA's review of IJ decisions is limited to the record before the IJ. 8 C.F.R. § 1003.1(d)(3)(iv). In addition, when Ye submitted his application, the IJ specifically asked whether any changes were needed and Ye replied that they were not. Thus, the

4

agency properly relied on the inconsistency regarding Ye's faith.

The agency also reasonably relied on inconsistencies involving the mistreatment Ye suffered when reporting to the village cadres after his arrest. Ye testified that he reported to the cadres eight or nine times, and was "hit once but every time they insult me and yell at me." When confronted with a letter from his father, which stated that Ye suffered "endless torture" and beatings each time he reported, Ye changed his testimony to say he was hit lightly every time, but seriously once. A reasonable factfinder would not be compelled to credit Ye's explanation that one beating was more serious because Ye was not asked when he was treated the most severely, rather, he was asked how often he was "hit" by the authorities.

Considering the inconsistencies in the record regarding Ye's religion and his treatment by Chinese authorities, Ye's claim that he practiced Falun Gong and was persecuted on account of that practice is called into question. Consequently, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because all of Ye's claims share the same factual predicate, the adverse credibility

determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk